OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, defendant’s motion to dismiss the complaint denied and plaintiff’s cross mo *74 tion for summary judgment granted awarding plaintiff the sum of $2.31 with interest from September 28, 1999.
After defendant Guardian Life Insurance Company of America (hereinafter Guardian), plaintiffs health insurer, denied certain medical claims submitted by plaintiff on the ground that they were subject to a policy provision which limited coverage of certain types of claims to $2,500 per year, plaintiff commenced suit against defendant alleging that Guardian should have paid the claims because they were not subject to said provision. Guardian moved to dismiss the complaint and plaintiff cross-moved for summary judgment. The court granted Guardian’s motion and denied plaintiffs cross motion. This appeal ensued.
It is undisputed that the health insurance plan at issue is governed by the Employee Retirement Income Security Act of 1974 (29 USC § 1001 et seq. [ERISA]) and that because the plan gives Guardian “discretionary authority to determine eligibility for benefits and to construe the terms of the plan with respect to claims,” the standard of review is whether Guardian’s determination was arbitrary and capricious (see, e.g., O’Shea v First Manhattan Co. Thrift Plan & Trust, 55 F3d 109; Pagan v NYNEX Pension Plan, 52 F3d 438). As a result, the scope of review is narrow and a denial of benefits will be overturned “only if it was ‘without reason, unsupported by substantial evidence or erroneous as a matter of law.’ ” (O’Shea v First Manhattan Co. Thrift Plan & Trust, supra at 112; Pagan v NYNEX Pension Plan, supra at 442.) In addition, where “both the trustees of [an ERISA plan] and a rejected applicant offer rational, though conflicting, interpretations of plan provisions, the trustees’ interpretation must be allowed to control” (O’Shea v First Manhattan Co. Thrift Plan & Trust, supra at 112 [internal quotation marks omitted], quoting Miles v New York State Teamsters Conference Pension & Retirement Fund Empl. Pension Benefit Plan, 698 F2d 593, 599, 601; see also, Pagan v NYNEX Pension Plan, supra at 443). Thus, because Guardian’s interpretation of the health insurance policy at issue was reasonable, even if plaintiffs interpretation was also reasonable, Guardian’s determination that plaintiffs claims were subject to the policy provision limiting coverage to $2,500 per year was not arbitrary and capricious and therefore must control.
Nevertheless, as Guardian concedes that it only paid claims totaling $2,497.69 which were subject to the provision limiting coverage to $2,500 per year, plaintiffs cross motion for summary judgment should have been granted as it is undisputed *75 that Guardian is liable for $2.31 together with interest from September 28, 1999, the date on which Guardian improperly denied a claim entirely rather them denying that portion which exceeded $2.31.
Aronin, J.P., Patterson and Golia, JJ., concur.